UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA STRUJAN,

                Plaintiff,

-against-

LENOX HILL HOSPITAL – A FICTION; NEW YORK PRESBYTERIAN HOSPITAL – A FICTION; BELLEVUE HOSPITAL – A FICTION; QUEST DIAGNOSTICS INCORPORATED – A FICTION; MOUNT SINAI LABORATORY – A FICTION; VERONICA ZAHARIA – A PERSON; VERONICA ZAHARIA – A WOMAN; MICHAEL KANG – A PERSON; MICHAEL KANG – A MAN; PEDRO CORZO – A PERSON; PEDRO CORZO – A MAN; TEPERMAN & TEPERMAN LLP – A FICTION; BRUCE TEPERMAN – A PERSON; BRUCE TEPERMAN – A MAN; RIVKIN RADLER LLP – A FICTION; PETER CONTINO – A PERSON; PETER CONTINO – A MAN; FRIEDMAN & MOSES LLP – A FICTION; MITCHEL R. FRIEDMAN – A PERSON; MITHCEL R. FRIEDMAN – A MAN; ALL OTHERS UNLISTED, BOTH KNOWN AND UNKNOWN,

                Defendants.

18-CV-10079 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Elena Strujan, who appears *pro se*, brings a "Non-Judicial Claim" in which she seems to assert claims under both federal and state law. By order dated June 3, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.[1]

---

[1] Plaintiff has attached to her submission documents that reveal her complete date of birth. Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, a Court submission that mentions an individual's date of birth must only mention that individual's birth year. A person who reveals her own personal information that is restricted by Rule 5.2 waives the protection of that rule. *See* Fed. R. Civ. P. 5.2(h).

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

**A.     Litigation history**

Plaintiff has filed many actions in this Court and in other federal courts. Some of those actions include allegations that are similar to those at issue in the present action. In *Strujan v. Bellevue Hosp.*, No. 13-CV-3168 (LAP) ("*Strujan I*"), Plaintiff asserted claims against Bellevue Hospital, Lenox Hill Hospital, New York Presbyterian Hospital, and Quest Diagnostics – they

2

are named as defendants in the present action – as well as against unidentified individual defendants. As the Court described, Plaintiff alleged that the hospitals named as defendants in *Strujan I* "engaged in malpractice by improperly treating her elevated carbon monoxide levels – which were the result of the attempted poisoning by her landlord." *Strujan I*, No. 13-CV-3168 (LAP), at 1 (S.D.N.Y. May 29, 2013.) Plaintiff also "detail[ed] problems with at least seven different lawyers, whom she hired to represent her in various landlord-tenant, bankruptcy, and malpractice proceedings." *Id.* at 2 (footnote omitted). On May 29, 2013, Judge Loretta A. Preska of this Court dismissed *Strujan I* for failure to state a claim on which relief may be granted. *See id.* at 3-4.

In *Strujan v. State Farm Ins.*, No. 17-CV-0163 (KPF) ("*Strujan II*"), Plaintiff sued numerous defendants, including Rivkin Radler LLP – also a defendant in the present action. In *Strujan II*, Plaintiff asserted claims based on (1) her allegations that she was exposed to carbon monoxide and other toxic gases in her apartment, (2) her alleged experiences with an insurance company in relation to the conditions in her apartment and with a law firm that represented the insurance company, Rivkin Radler LLP, and (3) her associated state-court litigation. *See Strujan II*, No. 17-CV-0163 (KPF), at 2-8 (S.D.N.Y. Feb. 13, 2017). On February 13, 2017, Judge Katherine Polk Failla of this Court dismissed *Strujan II* as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants that are immune to such relief. *See id.* at 19.

In *Strujan v. State Farm Ins.*, No. 18-CV-10280 (LLS) ("*Strujan III*"), Plaintiff again sued numerous defendants, including Rivkin Radler LLP, and asserted claims based on her previous dealings with an insurance company in relation to the conditions in her apartment. *See Strujan III*, No. 18-CV-10280, at 2 (S.D.N.Y. Nov. 29, 2018). On November 29, 2018, Judge

3

Louis L. Stanton of this Court dismissed *Strujan III* for failure to state a claim on which relief may be granted under the doctrine of claim preclusion. *Id.* at 3-4.

On November 21, 2018 – days before he dismissed *Strujan III* – Judge Stanton issued an order in which he barred Plaintiff from filing any future civil action in this Court *in forma pauperis* without first obtaining from the Court leave to file. *See Strujan v. Columbia Univ.*, No. 18-CV-8755 (LLS) (S.D.N.Y. Nov. 21, 2018). Judge Stanton issued that order because of Plaintiff's history of filing nonmeritorious litigation in this Court. *See Strujan*, No. 18-CV-8755 (LLS), at 4-5 (S.D.N.Y. Oct. 9, 2018) (listing actions). Plaintiff filed the present action before Judge Stanton issued the bar order.

**B.     The present action**

In the present action, Plaintiff has filed a 280-page "Non-Judicial Claim," which the Court understands to be Plaintiff's complaint. Plaintiff's complaint is not clear – it is a near-incoherent rant concerning alleged wrongs against Plaintiff. It purports to assert federal claims, including claims under 42 U.S.C. §§ 1983 and 1985, as well as claims under state law, against the defendants, which include Lenox Hill Hospital, New York Presbyterian Hospital, Bellevue Hospital, Quest Diagnostics Incorporated, and Rivkin Radler, LLP. Plaintiff's claims seem to arise from medical treatment or legal representation that she received (or did not receive) from the defendants and others and from the legal representation of others in litigation in which Plaintiff was an opposing party. Though the Clerk of Court has never issued summonses in this action and therefore none of the defendants have been served, Plaintiff seeks default judgment against the defendants.

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level

4

of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

Moreover, insofar as the Court can ascertain the nature of Plaintiff's claims, at least some of them appear to arise from the same incidents as those at issue in *Strujan I* and *Strujan II*. Claim preclusion, or *res judicata*, therefore bars Plaintiff from asserting at least some of these claims, regardless of whether or not she raised them in her previous actions. *See, e.g., Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) ("Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating [claims] that were or could have been raised in [the previous] action.") (internal quotation marks and citation omitted, first alteration in original).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff remains barred from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. *See Strujan*, No. 18-CV-8755 (LLS) (S.D.N.Y. Nov. 21, 2018).

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 1, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge